31 C.C.P.A. (Patents)

## In re HANSEN.
### Patent Appeal No. 4796.

Court of Customs and Patent Appeals.

Dec. 7, 1943.

James T. Hoffmann and Kwis, Hudson, Boughton & Williams, all of Cleveland, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting the only claim of the application, which is for a patent alleging

new and useful improvements in "Hose-Coupling".

The cited references are: Eisenman, 2,024,682, December 17, 1935; Eastman, 2,069,434, February 2, 1937; Hansen, 2,092,116, September 7, 1937; Scheiwer, 2,135,222, November 1, 1938.

The rejected claim reads as follows: "5. In a coupling of the character referred to, the combination of a tubular member having an external shoulder, a second tubular member having a bore adapted to receive the first member and a radial aperture extending through the side thereof, an external abutment on said second member, a radially movable locking member in said radial aperture and engageable when in its radially inward position with said shoulder on the first-mentioned tubular member to lock the tubular members in coupled relation, a sleeve slidable on said second tubular member and adapted when in one position to retain said locking member in its radially inward position and when in another position to permit said locking member to be moved radially outwardly, an internal abutment on said sleeve, spring means interposed between said abutments for continuously urging said sleeve member into a position to retain said locking member in its radially inward position, a removable flexible gasket in said second tubular member spaced axially from said locking member and having an opening therethrough, a third tubular member threaded into said second tubular member and adapted to retain said flexible gasket in assembled position, and a spring-pressed valve in said third tubular member adapted to seat against said gasket when the first and second tubular members are uncoupled and having an extension portion projecting through the gasket opening, said first tubular member having an end portion of greater outside diameter than the opening in said gasket engageable with said extension portion of said valve for unseating the same and adapted to abut against said flexible gasket and form a seal therebetween when said first and second tubular members are brought into coupled relation."

The claim is drawn specifically to the structure disclosed in the application, and therefore no further description of the device is deemed necessary.

The Board of Appeals held that the claim reads almost word for word on Figure 7 of the Scheiwer patent, and with that holding we agree. Appellant concedes that holding, but claims that by reason of the wording of the claim there is a patentable distinction between the device of the patent and the device of his application.

Appellant contends that the first tubular member disclosed in the Scheiwer patent does not appear to be of greater external diameter than that of the opening in the gasket, and that therefore when the valve is activated by contact with the end of the said member the liquid under pressure may leak. However, we do not think that it would involve invention merely to change the relative sizes of said member and valve so that the former would fit against the flat surface of the latter, particularly in view of the devices shown in the Eisenman patent and the Hansen patent. The patentee Hansen is appellant here, and in his patent it is clearly disclosed that his tubular member at the point of contact with the gasket is wider in diameter than the aperture in the gasket and in opening the valve it directly abuts the face of the gasket.

Appellant further contends that the arrangement of the spring, in his device, which urges the sleeve to its outer position and is placed between an internal shoulder on the sleeve and an external shoulder on the second tubular member, patentably distinguishes the structure of the application from any of the prior art. Nothing is said concerning this contention in the decisions of the tribunals below. It is apparent, however, that the drawings in the Hansen patent disclose a spring which impels the sliding sleeve into the desired position, and which rests between an abutment on the sleeve and an abutment on the member over which it moves. In our opinion it would not require more than ordinary skill in the art to modify the structure of the Scheiwer patent by including the means employed in the Hansen patent to construct the device of appellant.

It is true with respect to appellant's second contention that the difference between his structure and that of the Scheiwer patent results in holding together the remainder of his assembly when the third tubular member is removed to replace the gasket, while the removal of the corresponding part in the patent disclosure apparently will cause the assembly to fall apart unless the repairman is extremely careful. However, as we have herein pointed out, such difference in structure in our opinion does not

involve the exercise of the inventive faculty.

For the reasons herein set forth the decision of the Board of Appeals is affirmed.

Affirmed.